IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-01424-PSF-MJW

JILL HIRSCHI,

Plaintiff,

v.

NEWCASTLE PROPERTIES, INC.;
CHRISTOPHER O'DELL, as Registered Agent for Newcastle Properties, Inc.;
MARK RICHARDSON;
JAMES CUCKLER; and
BEVERLY COHEN,

Defendants.

---

**ORDER ON PENDING MOTIONS**

---

This matter is before the Court on Defendants' Motion to Compel Arbitration (Dkt. # 9) and Defendants' Motion to Dismiss Christopher C. O'Dell (Dkt. # 10). Both motions are fully briefed and ripe for disposition.

## I. MOTION TO COMPEL ARBITRATION

Plaintiff Jill Hirschi filed this action on July 24, 2006, alleging violations of the Family and Medical Leave Act ("FMLA") as well as bringing claims for outrageous conduct, tortious interference with an employment contract and defamation in connection with her termination from Defendant Newcastle Properties, Inc. ("Newcastle"). Defendants move to compel arbitration and stay the current proceedings based on an arbitration clause contained in an Acknowledgment of Disclaimer, referencing an employment agreement and signed by Ms. Hirschi, stating

that "any and all claims, disputes or controversies arising out of or relating to [plaintiff's] application or candidacy for employment, employment and/or termination of employment with Newcastle Properties, Inc. . . . will be settled **exclusively** by final, conclusive and binding arbitration before a neutral arbitrator under procedures set forth in the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*." Acknowledgment, attached as Ex. B to Defs.' Mot. Compel (emphasis in original). The arbitration clause states that examples of such claims include the Family and Medical Leave Act as well as contract and tort claims. *Id*.

Federal law favors arbitration and "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 24-25 (1983). This presumption does not apply, however, in resolving doubts as to whether parties actually reached an agreement to arbitrate. *See Riley Mfg. Co., Inc. v. Anchor Glass Container Corp*., 157 F.3d 775, 779 (10th Cir. 1998).

Here, plaintiff denies the validity of any agreement to arbitrate, contending that the arbitration clause is illusory and unenforceable as part of an employee handbook containing disclaimers denying the existence of such a contract between the parties and permitting Newcastle to modify or rescind any policy at any time. Pl.'s Opp. at 2; *see Dumais v. American Golf Corp*., 299 F.3d 1216, 1219 (10th Cir. 2002) (holding that "an arbitration agreement allowing one party the unfettered right to alter the arbitration agreement's existence or its scope is illusory"). Defendant contends, however, that the arbitration clause is not part of the employee handbook, but rather is a distinct form that

is neither an exhibit nor an appendix to the employee handbook, and thus the disclaimers contained in the handbook do not apply. Defs.' Reply at 2.

The employee handbook, entitled "Personnel Guidelines," appears to constitute 18 consecutively numbered pages, the last of which is Exhibit A, Newcastle's dress code. *See* Pers. Guidelines, attached as Ex. 1 to Pl.'s Opp. A separate document is entitled "Acknowledgment of Disclaimer." It includes a signature line for the employee to acknowledge that the "Personnel Guidelines is not a contract and imposes no legal obligation of any kind on Newcastle Properties Inc." Disclaimer, attached as Ex. B to Defs.' Mot. Compel Arb. It also includes the following statement, which immediately precedes the arbitration clause at issue: "THE FOLLOWING CLAUSE DOES CREATE CONTRACTUAL RIGHTS AND DUTIES EVEN THOUGH NOTHING ELSE IN THESE PERSONNEL GUIDELINES CREATES SUCH RIGHTS OR DUTIES." *Id*. (emphasis in original).

The handbook, on its first page, states that Newcastle "retains the right to change these policies, procedures and employee benefits at any time without prior notice." Pers. Guidelines at 1, attached as Ex. 1 to Pl.'s Opp. In the next paragraph, after the heading "**PERSONAL GUIDELINES ARE NOT A CONTRACT**" (emphasis in original), the handbook states that "[n]othing in these Personnel Guidelines constitutes a promise, contract or legal obligation of any kind. The Company may or may not follow these Personnel Guidelines, in its sole discretion, and may change these Personnel Guidelines, or any other term or condition of employment, at any time and without notice to or consent of any employee." *Id*. As described above, the

Acknowledgment of Disclaimer, which specifically references the Personnel Guidelines and its provisions, does not disclaim the applicability of Newcastle's right to change the policies at any time.

The Tenth Circuit in *Dumais* encountered a similar situation to the case at bar. In *Dumais*, the employee handbook in one section declared that the defendant employer retained the right to change any policy except the employee-at-will status and the arbitration provision. On the acknowledgment form, however, the employer reserved the right to change any policy except the at-will status without mention of the arbitration provision. *Dumais*, 299 F.3d at 1217. The Tenth Circuit construed the ambiguities "against the drafter as dictated by the confines of the specific litigation before" the court. *Id*. at 1219. In other words, rather than construe the handbook as to deny the employer the power to alter the arbitration clause, the court construed it as to give the employer such power, thereby allowing the plaintiff employee to avoid arbitration because it was an illusory arbitration agreement. *Id*.

As in *Dumais*, the employee handbook and arbitration provision here are "form contract[s] effectively written by [the employer] without [the employee's] input or any negotiation with her." *Id*. Also as in *Dumais*, there is ambiguity as to whether Newcastle's claim of unfettered right to alter applied to the arbitration provision as well as the rest of the employee handbook provisions. Here, the arbitration provision, contained on the Acknowledgment of Disclaimer, clearly referenced the Personnel Guidelines and appears to be part of those Guidelines with the sole exception of its contractual nature as opposed to the other provisions. The separate form containing

the arbitration provision also contained the disclaimer as to the employee handbook itself and was apparently distributed to employees in conjunction with the handbook. As the law requires,[1] construing such ambiguity against the employer "as dictated by the confines of the specific litigation," *id*., Newcastle's retained right to alter any of the "Personnel Guidelines, *or any other term or condition of employment*, at any time and without notice to or consent of any employee," applies to the arbitration provision as well. Pers. Guidelines at 1 (emphasis added). Therefore, although "contractual," the arbitration provision could be interpreted as being alterable by Newcastle unilaterally, rendering it illusory and not enforceable. *See Dumais*, 299 F.3d at 1219; *Gourley v. Yellow Transp., LLC*, 178 F. Supp. 2d 1196, 1202 (D. Colo. 2001) (arbitration agreement was part of an employee handbook, which was "not a contract and [was] in no way binding on Defendant," and was therefore illusory). The Court therefore denies defendants' request to compel arbitration and stay these proceedings.

## II. MOTION TO DISMISS CHRISTOPHER C. O'DELL

Plaintiff names as defendants Newcastle, three Newcastle managers, and Christopher O'Dell, as registered agent for Newcastle. *See* Compl. at 1. Defendant O'Dell moves to dismiss himself stating that he "is a Colorado attorney who generally represents Defendant Newcastle Properties, Inc., . . . [and] is also the registered agent for Newcastle." Defs.' Mot. Dismiss at 1. The motion further contends that plaintiff

---

[1] "Where the terms of a contract are ambiguous, they must be strictly construed against the party drafting the contract." *U.S. Fidelity & Guar. Co. v. Budget Rent-A-Car Systems, Inc.*, 842 P.2d 208, 211 (Colo. 1992); *see also Dumais*, 299 F.3d at 1219 ("We recognize the well-accepted rule that ambiguities in contracts are construed against the drafter.") (citing New Mexico case law).

"brings no claims against Mr. O'Dell . . . [and t]here is no reason or purpose whatsoever to keep Mr. O'Dell as a defendant in this matter." *Id*. at 2, ¶¶ 3-4. Thus, Ms. Hirschi "has failed to state a claim against Mr. O'Dell, either personally or as an agent for Newcastle." *Id*. at 3.

Plaintiff in her response admits that Mr. O'Dell "is not named as an individual in the caption or named at all in the body of the complaint." Pl.'s Resp. to Mot. Dis. at 1. She further states that she "do[es] not oppose his motion to be 'dismissed,' in his individual capacity." *Id*. In light of plaintiff's representation, the lack of necessity for Mr. O'Dell to be named as a defendant in his representative capacity (*see* C.R.S. § 7-103-102(1)(a), allowing a corporation to be sued in its own name, which is the case here), and the lack of any claim stated against Mr. O'Dell, the Court dismisses him from this action. Mr. O'Dell will no longer be a named defendant in this case.

**III. CONCLUSION**

For the foregoing reasons, Defendants' Motion to Compel Arbitration (Dkt. # 9) is DENIED. Defendants' Motion to Dismiss Christopher C. O'Dell (Dkt. # 10) is GRANTED. Mr. O'Dell will hereafter be removed from the caption.

DATED: October 12, 2006

BY THE COURT:

*s/ Phillip S. Figa*

________________________________
Phillip S. Figa
United States District Judge